966 F.2d 1453
 140 L.R.R.M. (BNA) 2535
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Douglas SCOTT, a Sole Proprietor d/b/a Centaur Electric
a/k/a Centaur Electric Incorporated, Respondent.
 No. 92-5470.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1992.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Douglas Scott, a sole proprietor d/b/a Centaur Electric a/k/a Centaur Electric Incorporated, Warren, Michigan, his agents, successors, and assigns, enforcing its order dated August 9, 1991, in Case No. 7-CA-31512, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, Douglas Scott, a sole proprietor d/b/a Centaur Electric a/k/a Centaur Electric Incorporated, Warren, Michigan, his agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 4
 (a) Refusing to abide by and adhere to its collective-bargaining agreement with Local 58, International Brotherhood of Electrical Workers, AFL-CIO by unilaterally failing to pay certain wages to unit employees, to remit all union dues and fees properly deducted from unit employees' pay, to file insurance reports, and to make contributions to the Union's fringe benefit funds, as provided for in the collective-bargaining agreement.
 
 
 5
 (b) Refusing, during the term of the collective-bargaining agreement with the Union, to furnish the Union, on request, information that is relevant and necessary to its role as the exclusive bargaining representative of the unit employees.
 
 
 6
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 8
 (a) Abide by and adhere to its collective-bargaining agreement with the Union, by paying certain wages to unit employees, remitting all union dues and fees properly deducted from unit employees' pay, filing insurance reports, and making contributions to the Union's fringe benefit funds. The appropriate unit is:
 
 
 9
 All full-time and regular part-time employees employed as electricians within the jurisdiction of the Union employed by the Respondent out of its Warren place of business, but excluding office clerical employees, guards and supervisors as defined in the Act.
 
 
 10
 (b) Make unit employees whole for any losses they may have suffered as a result of the Respondent's failure to abide by the collective-bargaining agreement which expires on June 7, 1992, as prescribed in the remedy section of the Decision and Order.
 
 
 11
 (c) Remit to the Union all the union dues and fees properly deducted from the pay of unit employees.
 
 
 12
 (d) On request, furnish the Union with the information sought by the Union in its letter of January 14, 1991, as well as any other information requested that is relevant and necessary to its role as the exclusive bargaining representative of the unit employees.
 
 
 13
 (e) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 14
 (f) Post at its facility in Warren, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 15
 (g) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 16
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 17
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 18
 The National Labor Relations Board has found that I violated the National Labor Relations Act and has ordered me to post and abide by this notice.
 
 
 19
 I WILL NOT refuse to abide by and adhere to our collective-bargaining agreement with Local 58, International Brotherhood of Electrical Workers, AFL-CIO by unilaterally failing to pay certain wages to unit employees, to remit all union dues and fees properly deducted from unit employees' pay, to file insurance reports, and to make contributions to the Union's fringe benefit funds, as provided for in the collective-bargaining agreement.
 
 
 20
 I WILL NOT refuse to furnish the Union, on request, information that is relevant and necessary to its role as the exclusive bargaining representative of the unit employees.
 
 
 21
 I WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 22
 I WILL abide by and adhere to our collective-bargaining agreement with the Union by paying certain wages to unit employees, remitting all union dues and fees properly deducted from unit employees' pay, filing insurance reports, and making contributions to the Union's fringe benefit funds. The appropriate unit is:
 
 
 23
 All full-time and regular part-time employees employed as electricians within the jurisdiction of the Union employed by Centaur Electric, Inc., out of its Warren place of business, but excluding office clerical employees, guards and supervisors as defined in the Act.
 
 
 24
 I WILL make unit employees whole for losses they may have suffered from our failure to abide by the collective-bargaining agreement which expires on June 7, 1992.
 
 
 25
 I WILL remit to the Union all union dues and fees properly deducted from unit employees' pay.
 
 
 26
 I WILL, on request, furnish the Union with the information sought by the Union in its letter to us dated January 14, 1991, as well as any other information requested that is relevant and necessary to its role as the exclusive bargaining representative of the unit employees.
 
 
 27
 DOUGLAS SCOTT, A SOLE PROPRIETOR d/b/a CENTAUR ELECTRIC a/k/a CENTAUR ELECTRIC INCORPORATED
 
 
 28
 (Employer)
 
 Dated ________ By ____________________
 
 29
 (Representative)
 
 
 30
 (Title)
 
 
 31
 This is an official notice and must not be defaced by anyone.
 
 
 32
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.